1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                                OAKLAND DIVISION

11

UNITED STATES OF AMERICA,          )      No.  CR 09 - 0504 CW
12                                 )      [Filed May 12, 2009]
                 Plaintiff,        )
13          v.                     )
                                   )
14                                 )
SHOLEH A. HAMEDANI,                )
15  NASSER V. HAMEDANI,            )
                                   )
16              Defendants.        )
                                   )
17  _____ )
                                   )
SECURITIES AND EXCHANGE            )      No.  C 06 - 06003 CW
18  COMMISSION,                    )      [Filed September 27, 2006]
                 Plaintiff,        )
19                                 )
            v.                     )
20                                 )
THE CHILDREN'S INTERNET, INC.,     )
21  *et al.*,                      )
                                   )
22              Defendants.        )
                                   )
23  _____ )

24          WHEREAS, the government has provided discovery to counsel for both defendants and

25  where the documents and images provided to date are in excess of 50,000 imaged pages, such

26  that the parties consider this matter to be complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

27          WHEREAS, counsel for the defendants are in the process of reviewing the discovery

28  produced to date and need additional time to complete the review and analysis of the discovery

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    1

1   provided by the government to date, in order to effectively prepare for the defense of this matter,

2   pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

3   WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this

4   matter is appropriate given the complexity of the matter and the need for effective preparation of

5   counsel and where the next available and appropriate date where all counsel are available is

6   December 23, 2009, such that there is a need for a continuance to such date based on continuity

7   of counsel, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

8   THEREFORE, the parties mutually and jointly stipulate that the matter should be

9   continued, based on the complexity of this case, the need for effective preparation of counsel, and

10  the need for continuity of counsel, and the parties jointly request that the Court continue the

11  matter until **Wednesday, December 23, 2009, at 2:30 p.m.**  The parties agree that continuing

12  the case until December 23, 2009, is necessary, given the complexity of the case (which involves

13  charges of securities fraud and obstruction of justice), the need for defense counsel to review and

14  analyze a large amount of discovery, and the need to maintain continuity of counsel.   The parties

15  also agree that failing to grant a continuance would deny counsel for the defense the reasonable

16  time necessary for effective preparation and continuity of counsel, taking into account the

17  exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

18  The parties also agree, and the Court has found previously, that the case involves

19  government allegations of a complicated fraud scheme with substantial evidence, both paper and

20  electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the

21  prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect

22  adequate preparation for pretrial proceedings or for the trial itself within the time limits

23  established by the Speedy Trial Act."  See 18 U.S.C. § 3161(h)(7)(B)(ii).

24  Finally, the parties agree that the ends of justice served by excluding time until December

25  23, 2009,

26

27

28  //

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    2

outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. §

3161(h)(7)(A).

**STIPULATED:**


DATED:11/17/09                              _____/s/_____
                                            JOHN PAUL REICHMUTH
                                            Attorney for SHOLEH A. HAMEDANI



DATED: 11/17/09                             _____/s/_____
                                            RANDY SUE POLLOCK
                                            Attorney for NASSER V. HAMEDANI



DATED:11/17/09                              _____/s/_____
                                            TIMOTHY J. LUCEY
                                            Assistant United States Attorney

I hereby attest that I have on file all holograph signatures for any signatures indicated by a
"conformed" signature (/s/) within this e-filed document.


## ORDER

  For good cause shown, the Court continued the matter until **Wednesday, December 23,**
**2009, at 2:30 p.m.**

  Time previously has been excluded in the case until November 18, 2009, and the Court

enters this order excluding time from November 18, 2009, up to and including December 23,

2009.  Specifically, the parties agree, and the Court finds and holds that such that time should be

excluded until January 13, 2010, and furthermore that failing to grant a continuance until

December 23, 2009, would unreasonably deny the defendant continuity of counsel, and also

would deny defense counsel the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

  The parties also agree, and the Court finds and holds, that the case involves government

allegations of a complicated fraud scheme with substantial evidence, both paper and electronic,

and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or

the existence of novel questions of fact or law, that it is unreasonable to expect adequate

preparation for pretrial proceedings or for the trial itself within the time limits established" by the

Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(B)(ii).  Finally, the parties agree, and the Court

finds and holds, that the ends of justice served by excluding time from November 18, 2009

through December 23, 2009 outweigh the best interest of the public and the defendant in a

speedy trial.  Id. § 3161(h)(7)(A).

    **IT IS SO ORDERED.**


**DATED:**_____            _____
                                       **HON. CLAUDIA WILKEN**
                                       **United States District Judge**

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    4