1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10              OAKLAND DIVISION

11
UNITED STATES OF AMERICA,          )      No.  CR 09 - 0504 CW
12                                          )      [Filed May 12, 2009]
                Plaintiff,           )
13          v.                       )
                                     )
14                                   )
SHOLEH A. HAMEDANI,                 )
15 NASSER V. HAMEDANI,              )
                                     )
16              Defendants.          )
                                     )
17 _____ )
SECURITIES AND EXCHANGE            )      No.  C 06 - 06003 CW
18 COMMISSION,                      )      [Filed September 27, 2006]
                Plaintiff,           )
19                                   )
           v.                        )
20                                   )
THE CHILDREN'S INTERNET, INC.,     )
21 *et al.*,                        )
                                     )
22              Defendants.          )
                                     )
23 _____ )

24          WHEREAS, the government has provided discovery to counsel for both defendants and

25 where the documents and images provided to date are in excess of 50,000 imaged pages, such

26 that the parties consider this matter to be complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

27          WHEREAS, counsel for the defendants are in the process of reviewing the discovery

28 produced to date and need additional time to complete the review and analysis of the discovery

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    1

1    provided by the government to date, in order to effectively prepare for the defense of this matter,

2    pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

3         WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this

4    matter is appropriate given the complexity of the matter and the need for effective preparation of

5    counsel and where the next available and appropriate date is March 18, 2010, such that there is a

6    need for a continuance to such date based on continuity of counsel and effective preparation,

7    pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

8         THEREFORE, the parties mutually and jointly stipulate that the matter should be

9    continued, based on the complexity of this case, the need for effective preparation of counsel, and

10   the need for continuity of counsel, and the parties jointly request that the Court continue the

11   matter until **Thursday, March 18, 2010, at 10:00 a.m.** before the Oakland Duty Magistrate.

12   The parties agree that continuing the case until March 18, 2010, is necessary, given the

13   complexity of the case (which involves charges of securities fraud and obstruction of justice), the

14   need for defense counsel to review and analyze a large amount of discovery, and the need to

15   maintain continuity of counsel.   The parties also agree that failing to grant a continuance would

16   deny counsel for the defense the reasonable time necessary for effective preparation and

17   continuity of counsel, taking into account the exercise of due diligence. See 18 U.S.C. §

18   3161(h)(7)(B)(iv).

19        The parties also agree, and the Court has found previously, that the case involves

20   government allegations of a complicated fraud scheme with substantial evidence, both paper and

21   electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the

22   prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect

23   adequate preparation for pretrial proceedings or for the trial itself within the time limits

24   established by the Speedy Trial Act." See 18 U.S.C. § 3161(h)(7)(B)(ii).

25        Finally, the parties agree that the ends of justice served by excluding time until

26

27

28        //

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    2

1   March 18, 2010, outweigh the best interests of the public and the defendant in a speedy trial.  18

2   U.S.C. § 3161(h)(7)(A).

3

4   **STIPULATED:**

5

6   DATED:1/29/10                                      /s /

7                                                      JOHN PAUL REICHMUTH
                                                       Attorney for SHOLEH A. HAMEDANI

8

9

10  DATED: 1/29/10                                     /s/

11                                                     RANDY SUE POLLOCK
                                                       Attorney for NASSER V. HAMEDANI

12

13

14  DATED:1/29/10                                      /s/

15                                                     TIMOTHY J. LUCEY
                                                       Assistant United States Attorney

16

17  I here by attest that I have on file all holograph signatures for any signatures indicated by a
    "conformed" signatures (/S/) within this e-filed document.

18

19                              **<u>ORDER</u>**

20          For good cause shown, the Court continue the matter until **<u>Thursday, March 18, 2010,</u>**

21  **<u>at 10:00 a.m.</u>** before the Oakland Duty Magistrate Judge for STATUS OR SETTING OF

22  MOTIONS.

23          Time previously has been excluded in the case until February 1, 2010, and the Court

24  enters this order excluding time from February 1, 2010, up to and including March 18, 2010.

25  Specifically, the parties agree, and the Court finds and holds that time should be excluded until

26  March 18, 2010, and furthermore that failing to grant a continuance until March 18, 2010, would

27  unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the

28  reasonable time necessary for effective preparation, taking into account the exercise of due

1    diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

2         The parties also agree, and the Court finds and holds, that the case involves government

3    allegations of a complicated fraud scheme with substantial evidence, both paper and electronic,

4    and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or

5    the existence of novel questions of fact or law, that it is unreasonable to expect adequate

6    preparation for pretrial proceedings or for the trial itself within the time limits established" by the

7    Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(B)(ii).  Finally, the parties agree, and the Court

8    finds and holds, that the ends of justice served by excluding time from February 1, 2010 through

9    March 18, 2010 outweigh the best interest of the public and the defendant in a speedy trial.  Id. §

10   3161(h)(7)(A).

11        **IT IS SO ORDERED.**

12

13   **DATED:**_____          _____

14                                         **HON. LAUREL BEELER**
                                            **United States Magistrate Judge**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                    4