1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10                                  OAKLAND DIVISION
11
12   UNITED STATES OF AMERICA,              )   No.  CR 09 - 0504 CW
                                            )   [Filed May 12, 2009]
13                  Plaintiff,              )
              v.                            )
14                                          )
                                            )
15   SHOLEH A. HAMEDANI,                    )
     NASSER V. HAMEDANI,                    )
16                                          )
                    Defendants.             )
17   _____)
                                            )
18   SECURITIES AND EXCHANGE                )   No.  C 06 - 06003 CW
     COMMISSION,                            )   [Filed September 27, 2006]
19                  Plaintiff,              )
                                            )
20            v.                            )
                                            )
21   THE CHILDREN'S INTERNET, INC.,         )
     *et al.*,                              )
22                                          )
                    Defendants.             )
23   _____)

24        WHEREAS, the government has provided discovery to counsel for both defendants and

25   where the documents and images provided to date are in excess of 50,000 imaged pages, such

26   that the parties consider this matter to be complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

27        WHEREAS, counsel for the defendants are in the process of reviewing the discovery

28   produced to date and need additional time to complete the review and analysis of the discovery

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                              1

1  provided by the government to date, in order to effectively prepare for the defense of this matter,
2  pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);
3      WHEREAS, counsel for the parties jointly agree and stipulate that a continuance of this
4  matter is appropriate given the complexity of the matter and the need for effective preparation of
5  counsel and where the next available and appropriate date is July 15, 2010, such that there is a
6  need for a continuance to such date based on continuity of counsel and effective preparation,
7  pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);
8      THEREFORE, the parties mutually and jointly stipulate that the matter should be
9  continued, based on the complexity of this case, the need for effective preparation of counsel, and
10 the need for continuity of counsel, and the parties jointly request that the Court continue the
11 matter until **Thursday, July 15, 2010, at 9:30 a.m.** before the Oakland Duty Magistrate.  The
12 parties agree that continuing the case until July 15, 2010, is necessary, given the complexity of
13 the case (which involves charges of securities fraud and obstruction of justice), the need for
14 defense counsel to review and analyze a large amount of discovery, and the need to maintain
15 continuity of counsel.   The parties also agree that failing to grant a continuance would deny
16 counsel for the defense the reasonable time necessary for effective preparation and continuity of
17 counsel, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).
18     The parties also agree, and the Court has found previously, that the case involves
19 government allegations of a complicated fraud scheme with substantial evidence, both paper and
20 electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the
21 prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect
22 adequate preparation for pretrial proceedings or for the trial itself within the time limits
23 established by the Speedy Trial Act." See 18 U.S.C. § 3161(h)(7)(B)(ii).
24
25
26
27
28 //

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                        2

Finally, the parties agree that the ends of justice served by excluding time until July 15, 2010, outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

**STIPULATED:**

DATED: 5/25/10                           /s/
                                         JOHN PAUL REICHMUTH
                                         Attorney for SHOLEH A. HAMEDANI

DATED: 5/25/10                           /s/
                                         RANDY SUE POLLOCK
                                         Attorney for NASSER V. HAMEDANI

DATED: 5/25/10                           /s/
                                         TIMOTHY J. LUCEY
                                         Assistant United States Attorney

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.          /S/ JOHN PAUL REICHMUTH

**ORDER**

For good cause shown, the Court continue the matter until **Thursday, July 15, 2010, at 9:30 a.m.** before the Oakland Duty Magistrate Judge for STATUS OR SETTING OF MOTIONS.

Time previously has been excluded in the case until May 26, 2010, and the Court enters this order excluding time from May 26, 2010, up to and including July 15, 2010. Specifically, the parties agree, and the Court finds and holds that time should be excluded until July 15, 2010, and furthermore that failing to grant a continuance until July 15, 2010, would unreasonably deny the defendant continuity of counsel, and also would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18

STIPULATION AND [PROPOSED] ORDER
*United States v. Hamedani*
[CR 09 - 0504 CW]                              3

U.S.C. § 3161(h)(7)(B)(iv).

The parties also agree, and the Court finds and holds, that the case involves government allegations of a complicated fraud scheme with substantial evidence, both paper and electronic, and that thus "the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii). Finally, the parties agree, and the Court finds and holds, that the ends of justice served by excluding time from May 26, 2010 through July 15, 2010 outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A).

**IT IS SO ORDERED.**

DATED:_____      _____
                                            **HON. LAUREL BEELER**
                                            **United States Magistrate Judge**